[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: (#202) MOTION FOR CONTEMPT.
This case comes to this court on a motion for contempt. On February 17, 1982 the Hon. Judge Tunick granted a dissolution of marriage and made certain orders. The orders provided that the father pay child support of $70 per week. This court observes that the amount has not been modified since the day of the decree.
The parties (Hereinafter called husband and wife) have agreed on the amount of the arrearage and the payment thereon and what is before the court is the interpretation of the college education provision. That provision provides as follows:
 The parties agree to provide a college education for the minor child, including equal contribution to tuition, books, room and board, or to the extent financially able and relative to their respective incomes.
The court finds this to be a confusing provision. The traditional language is that the parties agree to provide a college education for the minor child consistent with their financial ability at the time. It appears that this provision is an attempt to do that. Apparently, they thought that they would agree to an equal contribution unless they opted to use the provision after the word "or" which was the extent financially able and relative to their respective incomes. Since they have not agreed to an equal contribution this court has reviewed the extent that it determines they are financially able and relative to their respective incomes.
The husband is a police officer with the City of Stamford and earns gross weekly wages of $768.49. Deducted from his gross pay to reach his net weekly wage is a credit union payment of $237. In addition, he has extra police work of approximately $216 gross per week or a net of $164.16. He shows on his financial affidavit total net weekly income of $449.78. Putting back into his income CT Page 9037 the credit union payment, his net weekly income after taxes and other responsibilities including a pension payment of $53.79 is $686.78. This provides an annual net income of $35,712.56.
At that time of the dissolution of marriage, the husband's total liabilities as shown on his financial affidavit were $30,916. His total liabilities as shown on his current affidavit are $30,275. There has been effectively no change in his liabilities except that other liabilities have replaced the original ones.
The wife is employed by the Stamford and Springdale Animal Hospital as an office manager. Her net income per week is $374.36. Her gross income is $475. In addition, she works as a part-time waitress and nets out approximately $75 per week. In addition, she has court ordered child support of $301 per week. Her net income accordingly is $750.36, her annual income of $39,018.72 net. The wife has remarried.
The child Christine is attending college and the tuition cost is $10,000. In addition there is a book charge of $172. The father was able to get for the daughter's benefit $2,000 in scholarship aid from his local church. The daughter refused the scholarship and did not receive the benefits of it.
The court has reviewed the financial affidavits of the parties at the time they entered into the agreement on February 17, 1982, the court has reviewed the current financial affidavit of the parties and listened to the witnesses testify and the arguments of counsel.
The court has reviewed the college education clause and has reviewed what this court believes is the extent that the parties are financially able and has considered the contribution relative to their respective incomes. The court finds that the parties are to make an equal contribution to the child's college education for the academic year of 1992-1993.
Thus, the tuition of $10,000 is to be paid equally by the parties along with the book charges. Each of the parties has a responsibility for $5,086 each. The husband is to be given credit for the $2,000 scholarship that the daughter turned down so that his share is $5,086 less $2,000 or $3,086. Since the first semester has already been paid by the wife, the husband is to pay his second semester obligation of $3,086 when the second semester tuition is due. CT Page 9038
The court finds that he is not in willful violation of the court's original order since the court finds that there was reasonable confusion in the original agreement and order.
If there is any dispute as to the current arrearage due on the child support payments that matter is referred to Family Relations for mediation. The husband is to pay the arrearage found within thirty days of the conclusion of the mediation.
The husband is ordered to remain current on his weekly child support payment.
KARAZIN, J.